# CHARLESTON.

PARR VS. HAYMOND, ET. ALS.,

NATHAN PARR, PLAINTIFF AND APPELLEE, *against*
SPENCER H. HAYMOND AND OTHERS, DEFEND-
ANTS AND APPELLANTS.

1873.
January
Term.

Decided February 25, 1873.

## SYLLABUS.

W., by his will, devises a tract of about three hundred and seventy acres of land "to be equally divided in value between his ten heirs, so that each one's part should be adjoining his lot described; or as near so as circumstances will allow;" will proved in 1837.

In 1859, P. files his bill for a partition of said land. To this bill several parties interested in said land, either as devisees or purchasers, file their joint answer, alleging that partition had been made of said land in 1841, by mutual agreement of the then owners of the same, the lines of division marked out, and that all the owners had acquiesced therein, although no deeds of partition had been executed therefor, and claiming that said partition should not now be disturbed. Proofs were taken, but the same not being sufficient in the opinion of the Court below to sustain the answer, the Court directed the surveyor of the county to partition said land according to the directions of the will; this was done and report made to the Court; no objections being made

1873.
January
Term.

thereto on account of any inequality or injustice in the allotments therein reported, the report was confirmed, and deeds ordered to be made by the parties respectively. From this order and decree an appeal is taken to this court.

HELD, That there is no error in the decree of the Court below.

*Hutchinson* for Appellants.

*J. H. Brown* for Appellee.

PAULL, Judge.

This suit was instituted in 1859, for a partition of a tract of about 350 acres, known and called the "back land," being part of a large tract of land devised by the will of John Warth to his children in the year 1837; this part of said land, the bill alleges, never was partitioned among the devisees of said Warth, although directed by said will to be equally divided in value between them, so that each ones part should be adjoining his lot, or as near to as circumstances will allow. Some of the Defendants, who are purchasers from the devisees, answer the bill, alleging that an agreement was made by the parties interested in said land, and signed by them on the 22d day of January, 1841, by virtue of which this particular tract was surveyed, laid off, and allotted to said parties respectively; that these allotments were accepted, and the respective portions occupied by the parties, and the division thus made has been acquiesced in by the parties, or their assignees for eighteen years, and should not now be disturbed. These Respondents, with the exception of Isaac Tavner, are all strangers to this agreement, and not parties, and not originally interested in this land; and although deriving their information from sources deemed by them perfectly reliable, the answer does not seem to be fully or sufficiently sustained by the proofs; there docs not seem to have been an acquiescence in this arrangement, a partition by all the devisees, and no deeds of partition were ever executed by them in pursuance thereof, and actual possesion not taken. It is manifest from the record that con-

1873.
January
Term.

Parr
v.
Haymond,
et als.

tinual controversies are liable to spring up between the parties interested in this land, whether by devise or purchase, the partition heretofore claimed to have been made not resting upon a staple and permanent basis, such as the deeds of the parties or the decree of a court. The question as to the consent or acquiescence of the parties in this supposed partition, is always liable to arise, and resort can only be had to parol proof to sustain or defeat it. The Court below directed the surveyor of the county to enter upon this land and lay off the same with reference to the said front lots according to the will of the testator. This was done; a survey and division of this land was accordingly made, and a report thereof returned to the Court. Upon consideration whereof, and of all the proceedings and proofs in the cause, the Court being of opinion that the division of said land so reported is as near in accordance with the directions of the last will and testament of the testator as circumstances will allow, confirmed said report and decreed that the parties hold and own in severalty thereafter the portions respectively allotted to them, and that they release and convey to each other accordingly.

It is claimed that the supposed partition made by the divisees in 1841 was connected with another portion of land, in regard to which a certain and definite arrangement was made between them, and that the agreement of January 22, 1841, contemplated that this particular tract of 350 acres should be partitioned at the same time, and that injustice will now be done if that supposed partition is disturbed. That agreement does not connect these parcels of land together in that aspect, nor does it sufficiently appear from the evidence that the absence of any such partition has or will result in any injustice to the parties.

No complaint is anywhere made that the division and partition of said land by the Circuit Court in its decree

36

1873.
January
Term.

Parr
v.
Haymond,
et als.

of December, 1869, are unequal, unjust or inequitable to the parties interested, and no sufficient error appearing in the proceedings from the record in this case, said decree is affirmed with damages and costs to the Appellant according to law.

HAYMOND, President, and HOFFMAN and MOORE, Judges, concur in the above opinion.